UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RIYADH NAJEM AL-RABIAH,  )
                         )
        Petitioner,      )
                         )   Case No. 1:18-cv-520
v.                       )
                         )   Honorable Paul L. Maloney
REBECCA ADDUCCI,         )
                         )
        Respondent.      )
_____  )

**REPORT AND RECOMMENDATION**

This is a habeas corpus proceeding brought by brought *pro se* by a federal detainee, pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Petitioner has been removed from the United States and is no longer held in ICE custody. I recommend that the Court dismiss the habeas corpus petition because it is moot.

**Proposed Findings of Fact**

Petitioner is a citizen of Iraq. He entered the United States in 1996 as a refugee and in 1998 his status was adjusted to Lawful Permanent Resident. (Salvatera Decl. ¶¶1-2, ECF No. 4-1, PageID.42).

On August 23, 2010, petitioner was convicted in Wayne County Circuit Court of attempted felonious assault in violation of MICH. COMP. LAWS § 750.82. Petitioner was sentenced to eleven months' probation. (Salvatera Decl. ¶ 3(a), PageID.42).

On December 16, 2015, petitioner was convicted in Macomb County Circuit Court of possession of Child Sexually Abusive Material in violation of MICH. COMP. LAWS § 750.145c(4). Petitioner was sentenced to sixty months' probation. (Salvatera Decl. ¶ 3(b), PageID.43).

On April 10, 2017, ICE arrested petitioner and initiated removal proceedings. (*Id.* at ¶¶ 4-8, PageID.43-44). On October 5, 2017, an immigration judge ordered petitioner's removal from the United States to Iraq. The judge denied petitioner's applications for cancelation of removal, asylum, withholding of removal, and withholding of removal under the Torture Convention. Petitioner did not appeal the decision, and on November 7, 2017, the judge's order became a final order of removal. (*Id.* at ¶¶ 9-10-PageID.44).

Petitioner was in ICE custody at the Calhoun County Jail on May 9, 2018, when he filed his habeas corpus petition. (ECF No. 1).

On August 15, 2018, petitioner was removed from the United States. ICE officers accompanied him on a flight from New York to Turkey and then from Turkey to Bahrain. ICE officers witnessed petitioner's departure on a flight from Bahrain to Iraq. Petitioner is not in ICE custody. (Salvatera Decl. ¶ 11, PageID.43).

## Discussion

Petitioner's release from ICE detention and his removal from the United States has rendered his petition moot. *See* 28 U.S.C. § 2241(c); *see also Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990) ("In order for the District Court to have jurisdiction over petitioners' habeas claims, petitioners must be in the custody of [ICE]."); *Thabet*

*v. Adducci*, No. 4:18-cv-611, 2018 WL 4271044 , at *3 (N. D. Ohio July 23, 2018) ("[O]nce a § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention becomes moot due to a lack of live case or controversy.") (collecting cases).

## Recommended Disposition

For the foregoing reasons, I recommend that the Court dismiss the habeas corpus petition as moot.

Dated:   October 30, 2018              /s/  Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).